**FILED**
CLERK, U.S. DISTRICT COURT

01/16/2024

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED No. CR 5:24-cr-00016-WLH |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 981 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ANWER FAREED ALAM, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. §§ 1341, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant ANWER FAREED ALAM ("ANWER ALAM") was a resident of Temecula, California, in Riverside County, within the Central District of California.

2. The United States Postal Service ("USPS") insured Priority Mail parcels up to $100 against loss, damage, and missing contents for no additional fee, subject to certain conditions.  To qualify for payment, either the sender or the recipient customer of a Priority Mail package could file an insurance claim online at the website

WWW.USPS.COM or by going to a Post Office. To file a claim, the sender or recipient of the package needed to provide a name, address, a product tracking service number, Proof of Value, and Proof of Claim. The final step in the claim submission process was the customer certification that all submitted claim information "is accurate, truthful, and complete." The claim form included the warning that "anyone who furnishes false or misleading information, whether by including it or omitting it, may be subject to criminal and/or civil penalties, including fines and imprisonment." Once a claimant provided all required information to USPS, USPS would evaluate the claim. If USPS approved payment on the insurance claim, then USPS would mail a check for the amount of the loss, up to $100 plus the price of the Priority Mail Service, to the claimant.

B.   THE SCHEME TO DEFRAUD

3.   Beginning on an unknown date, but no later than on or about October 1, 2016, and continuing until on or about May 1, 2019, in Riverside County, within the Central District of California, and elsewhere, defendant ANWER ALAM, together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud, and to obtain money and property from USPS by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C.   MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

4.   The fraudulent scheme operated, in substance, as follows:

   a.   Defendant ANWER ALAM, and co-schemer Yousofzay Fahim Alam ("Yousofzay Alam"), purchased Priority Mail packages and postages that included $100 in insurance for lost or damaged contents

of a parcel from USPS.

  b. Defendant ANWER ALAM would wrap empty packages or packages containing items of little to no value, and then send those packages via Priority Mail to fictitious recipients at fictitious addresses.

  c. After defendant ANWER ALAM sent the Priority Mail parcels, co-schemer Yousofzay Alam would submit fraudulent insurance claims to USPS using USPS.COM, falsely certifying that the packages contained items of higher value than the packages contained and falsely representing that the packages were lost and/or damaged in transit.

  d. As part of the fraudulent insurance claim package, co-schemer Yousofzay Alam would include fictitious invoices that he created as well as pictures of goods that were not actually in the Priority Mail parcels.

  e. To conceal the quantity of insurance claims they submitted, defendant ANWER ALAM and co-schemer Yousofzay Alam would utilize fake business names and aliases for themselves when submitting insurance claims.

  f. Relying upon the false representations in the insurance claim forms, USPS would issue insurance claim checks to defendant ANWER ALAM and co-schemer Yousofzay Alam to cover the purported losses up to $100 in value plus the cost of the shipping.

  g. USPS would send the insurance claim checks via U.S. mail to defendant ANWER ALAM and co-schemer Yousofzay Alam at various addresses in Temecula, California, including their residential addresses, their business address, and approximately fifteen different P.O. Boxes at two different post offices.

       h.    Defendant ANWER ALAM and co-schemer Yousofzay Alam would deposit, or cause to be deposited, the USPS insurance checks into bank accounts controlled by defendant ANWER ALAM and/or co-schemer Yousofzay Alam.

       i.    From October 1, 2016 to May 1, 2019, defendant ANWER ALAM and co-schemer Yousofzay Alam fraudulently obtained at least $2,367,033 from USPS through the submission of bogus insurance claims.

D.    <u>USE OF THE MAILS</u>

    5.    On or about November 1, 2018, in Riverside County, within the Central District of California, and elsewhere, defendant ANWER ALAM, together with others known and unknown to the United States Attorney, for the purpose of executing the above-described scheme to defraud, willfully caused an item to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service according to the directions thereon, specifically, a $106.59 Priority Mail claim check, which was mailed to 42309 Winchester Road, Suite 1, Temecula, California 92590.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

          E. MARTIN ESTRADA
          United States Attorney

*[signature]*

          MACK E. JENKINS
          Assistant United States Attorney
          Chief, Criminal Division

          SEAN D. PETERSON
          Assistant United States Attorney
          Chief, Riverside Branch Office

          COURTNEY N. WILLIAMS
          Assistant United States Attorney
          Riverside Branch Office