E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
COURTNEY N. WILLIAMS (Cal. Bar No. 339301)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 368-1473
    Facsimile: (951) 276-6202
    Email:    Courtney.N.Williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

01/16/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>ANWER FAREED ALAM,<br><br>      Defendant. | ED CR No. 5:24-cr-00016-WLH<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ANWER FAREED ALAM |

    1.    This constitutes the plea agreement between Anwer Fareed Alam ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of a scheme involving fraudulent United States Postal Service Priority Mail insurance claims.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with mail fraud in violation of 18 U.S.C. § 1341.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Make a partial restitution payment at or before the time of sentencing by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $500,000, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution and/or fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

1              i.    Allow funds previously seized in connection with this

2    matter totaling $112,092 (i.e. U.S. currency and two cashier's checks

3    categorized under CATS IDs 19-USP-001624 and 19-USP-002842,

4    respectively) to be applied by the Court to pay, in order of

5    application, any restitution, special assessment, criminal fines, and

6    costs that defendant is required to pay, and execute papers as

7    necessary to accomplish this application.

8              j.    Defendant agrees that any and all criminal debt

9    ordered by the Court will be due in full and immediately.  The

10   government is not precluded from pursuing, in excess of any payment

11   schedule set by the Court, any and all available remedies by which to

12   satisfy defendant's payment of the full financial obligation,

13   including referral to the Treasury Offset Program.

14             k.    Complete the Financial Disclosure Statement on a form

15   provided by the USAO and, within 30 days of defendant's entry of a

16   guilty plea, deliver the signed and dated statement, along with all

17   of the documents requested therein, to the USAO by either email at

18   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

19   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

20   Angeles, California 90012.  Defendant agrees that defendant's ability

21   to pay criminal debt shall be assessed based on the completed

22   Financial Disclosure Statement and all required supporting documents,

23   as well as other relevant information relating to ability to pay.

24             l.    Authorize the USAO to obtain a credit report upon

25   returning a signed copy of this plea agreement.

26             m.    Consent to the USAO inspecting and copying all of

27   defendant's financial documents and financial information held by the

28   United States Probation and Pretrial Services Office.

3

1    3.   Defendant further agrees:

2         a.   To forfeit all right, title, and interest in and to

3    any and all monies, properties, and/or assets of any kind, derived

4    from or acquired as a result of the illegal activity to which

5    defendant is pleading guilty, specifically including, but not limited

6    to, all property described in Appendix A, below (collectively, the

7    "Forfeitable Property").

8         b.   To the Court's entry of an order of forfeiture at or

9    before sentencing with respect to the Forfeitable Property and to the

10   forfeiture of the property.

11        c.   To take whatever steps are necessary to pass to the

12   United States clear title to the Forfeitable Property, including,

13   without limitation, the execution of a consent decree of forfeiture

14   and the completing of any other legal documents required for the

15   transfer of title to the United States.

16        d.   Not to contest any administrative forfeiture

17   proceedings or civil judicial proceedings commenced against the

18   Forfeitable Property.  If defendant submitted a claim and/or petition

19   for remission for all or part of the Forfeitable Property on behalf

20   of himself or any other individual or entity, defendant shall and

21   hereby does withdraw any such claims or petitions, and further agrees

22   to waive any right he may have to seek remission or mitigation of the

23   forfeiture of the Forfeitable Property.  Defendant further waives any

24   and all notice requirements of 18 U.S.C. § 983(a)(1)(A).  Defendant

25   further waives any and all notice requirements of 18 U.S.C.

26   § 983(a)(1)(A) and/or requirements of the Government to commence

27   forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

28

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

f.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all Forfeitable Property to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court

1   to advise defendant of this, pursuant to Federal Rule of Criminal

2   Procedure 11(b)(1)(J), at the time the Court accepts defendant's

3   guilty plea.

THE USAO'S OBLIGATIONS

4    

5       4.   The USAO agrees to:

6           a.   Not contest facts agreed to in this agreement.

7           b.   Abide by all agreements regarding sentencing contained

8   in this agreement.

9           c.   At the time of sentencing, provided that defendant

10  demonstrates an acceptance of responsibility for the offense up to

11  and including the time of sentencing, recommend a two-level reduction

12  in the applicable Sentencing Guidelines offense level, pursuant to

13  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

14  additional one-level reduction if available under that section.

15          d.   Recommend that defendant be sentenced to a term of

16  imprisonment no higher than the low end of the applicable Sentencing

17  Guidelines range provided that the offense level used by the Court to

18  determine that range is 20 or higher.

NATURE OF THE OFFENSE

19   

20      5.   Defendant understands that for defendant to be guilty of

21  the crime charged in count the single-count information, that is,

22  mail fraud, in violation of 18 U.S.C. § 1341, the following must be

23  true: (1) the defendant knowingly participated in a scheme or plan to

24  defraud, or a scheme or plan for obtaining money or property by means

25  of false or fraudulent pretense, representations, or promises, or

26  omitted facts; (2) the statements or facts omitted as part of the

27  scheme were material; that is, they had a natural tendency to

28  influence, or were capable of influencing, a person to part with

6

money or property; (3) the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and (4) the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1341, is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is

not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between October 2016 and May 2019, defendant and his brother, co-schemer Yousofzay Fahim Alam ("Yousofzay Alam"), participated in a scheme to defraud the United States Postal Service ("USPS") out of approximately $2,367,033.  Defendant and co-schemer Yousofzay Alam purchased Priority Mail packages and postages from USPS that included $100 in insurance for the lost or damaged contents of a parcel. Defendant wrapped empty packages or packages containing items of little to no value, and then he sent those packages via Priority Mail to fictitious recipients at fictitious addresses.  Defendant used aliases and fictitious business names as the sender for the packages he sent via Priority Mail as part of the scheme.  Defendant mailed these packages knowing that he and co-schemer Yousofzay Alam intended to file false insurance claims with USPS and claim that the packages were either lost or damaged.  After defendant sent the packages, co-schemer Yousofzay Alam submitted fraudulent insurance claims to USPS via USPS.COM, falsely certifying that the packages contained items of higher value than the packages contained and falsely representing that the packages were lost and/or damaged in transit, when, in fact, defendant and co-schemer Yousofzay Alam knew that defendant had not actually shipped the items that co-schemer Yousofzay Alam claimed had been lost or damaged, and that the claimed value of the item lost or damaged far exceeded the actual value of what defendant sent.  To accompany the fraudulent insurance application, co-schemer Yousofzay Alam also included fictitious invoices that he created as well as pictures of goods that were not actually in the Priority Mail

parcels.  As part of the application, co-schemer Yousofzay Alam certified the validity of the insurance claim although he knew the claims were false.

For the purpose of executing the scheme, on November 1, 2018, in Relying upon these false representations as to the lost or damaged contents of the Priority Mail packages, USPS issued insurance claim checks to defendant or co-schemer Yousofzay Alam to cover the purported losses up to $100 in value plus the cost of the shipping. USPS sent these claim checks to defendant and co-schemer Yousofzay Alam at various addresses in Temecula, California to include their residential addresses, their business address, and approximately 15 different P.O. Boxes at two different post offices.  Defendant and co-schemer Yousofzay Alam deposited, or caused to be deposited, USPS insurance checks into bank accounts controlled by defendant and/or co-schemer Yousofzay Alam.

For the purpose of executing the scheme, on November 1, 2018, in Riverside County, within the Central District of California defendant and co-schemer Yousofzay Alam willfully caused an item to be placed in an authorized depository for mail matter to be sent and delivered by USPS.  More specifically, USPS issued, and then mailed, a $106.59 Priority Mail claim check #03112709359 in response to defendant's and co-schemer Yousofzay Alam's false and fraudulent insurance claim #5728231 that was submitted on October 30, 2018.  Claim check #03112709359 was mailed to 42309 Winchester Road, Suite 1, Temecula, California.  Defendant collected the check and then deposited it in his and co-schemer Yousofzay Alam's Wells Fargo account ending in 1752 on or about November 27, 2018.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
|---|---|---|
| Loss more than $1,500,000 | +16 | U.S.S.G. § 2B1.1(b)(1)(I) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1
## WAIVER OF CONSTITUTIONAL RIGHTS

2   15.  Defendant understands that by pleading guilty, defendant

3 gives up the following rights:

4   a.   The right to persist in a plea of not guilty.

5   b.   The right to a speedy and public trial by jury.

6   c.   The right to be represented by counsel -- and if

7 necessary have the Court appoint counsel -- at trial.  Defendant

8 understands, however, that, defendant retains the right to be

9 represented by counsel -- and if necessary have the Court appoint

10 counsel -- at every other stage of the proceeding.

11   d.   The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14   e.   The right to confront and cross-examine witnesses

15 against defendant.

16   f.   The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19   g.   The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22   h.   Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed.

25
## WAIVER OF STATUTE OF LIMITATIONS

26   16.  Having been fully advised by defendant's attorney regarding

27 application of the statute of limitations to the offense to which

28 defendant is pleading guilty, defendant hereby knowingly,

voluntarily, and intelligently waives, relinquishes, and gives up:
(a) any right that defendant might have not to be prosecuted for the
offense to which defendant is pleading guilty  because of the
expiration of the statute of limitations for that offense prior to
the filing of the information alleging that offense; and (b) any
defense, claim, or argument defendant could raise or assert that
prosecution of the offense to which defendant is pleading guilty is
barred by the expiration of the applicable statute of limitations,
pre-indictment delay, or any speedy trial violation.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.  Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea was involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's conviction on the offense to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.  Defendant agrees that, provided the Court imposes a total
term of imprisonment on all counts of conviction of no more than 33
months, defendant gives up the right to appeal all of the following:
(a) the procedures and calculations used to determine and impose any
portion of the sentence; (b) the term of imprisonment imposed by the
Court; (c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is

13

within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $2,367,033; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, and the Court imposes a term of imprisonment of no less than 12 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $2,367,033.

1

### RESULT OF WITHDRAWAL OF GUILTY PLEA

2     21.  Defendant agrees that if, after entering a guilty plea

3     pursuant to this agreement, defendant seeks to withdraw and succeeds

4     in withdrawing defendant's guilty plea on any basis other than a

5     claim and finding that entry into this plea agreement was

6     involuntary, then (a) the USAO will be relieved of all of its

7     obligations under this agreement; and (b) should the USAO choose to

8     pursue any charge that was either dismissed or not filed as a result

9     of this agreement, then (i) any applicable statute of limitations

10    will be tolled between the date of defendant's signing of this

11    agreement and the filing commencing any such action; and

12    (ii) defendant waives and gives up all defenses based on the statute

13    of limitations, any claim of pre-indictment delay, or any speedy

14    trial claim with respect to any such action, except to the extent

15    that such defenses existed as of the date of defendant's signing this

16    agreement.

17

### EFFECTIVE DATE OF AGREEMENT

18    22.  This agreement is effective upon signature and execution of

19    all required certifications by defendant, defendant's counsel, and an

20    Assistant United States Attorney.

21

### BREACH OF AGREEMENT

22    23.  Defendant agrees that if defendant, at any time after the

23    signature of this agreement and execution of all required

24    certifications by defendant, defendant's counsel, and an Assistant

25    United States Attorney, knowingly violates or fails to perform any of

26    defendant's obligations under this agreement ("a breach"), the USAO

27    may declare this agreement breached.  All of defendant's obligations

28    are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1  evidence derived from the statements should be suppressed or are

2  inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

### OFFICE NOT PARTIES

5      25.  Defendant understands that the Court and the United States

6  Probation and Pretrial Services Office are not parties to this

7  agreement and need not accept any of the USAO's sentencing

8  recommendations or the parties' agreements to facts or sentencing

9  factors.

10     26.  Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation and Pretrial Services Office and the

13  Court, (b) correct any and all factual misstatements relating to the

14  Court's Sentencing Guidelines calculations and determination of

15  sentence, and (c) argue on appeal and collateral review that the

16  Court's Sentencing Guidelines calculations and the sentence it

17  chooses to impose are not error, although each party agrees to

18  maintain its view that the calculations in paragraph 12 are

19  consistent with the facts of this case.  While this paragraph permits

20  both the USAO and defendant to submit full and complete factual

21  information to the United States Probation and Pretrial Services

22  Office and the Court, even if that factual information may be viewed

23  as inconsistent with the facts agreed to in this agreement, this

24  paragraph does not affect defendant's and the USAO's obligations not

25  to contest the facts agreed to in this agreement.

26     27.  Defendant understands that even if the Court ignores any

27  sentencing recommendation, finds facts or reaches conclusions

28  different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Courtney N. Williams*                          1/11/24
COURTNEY N. WILLIAMS                     Date
Assistant United States Attorney


_____                   10/29/23
ANWER FAREED ALAM                       Date
Defendant


_____                   10/29/23
LINDSEY BURCHAM                          Date
Attorney for Defendant ANWER FAREED
ALAM

19

1    CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charge and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19   _____        12/29/23
                                                   _____

20   ANWER FAREED ALAM                             Date
     Defendant

21

22

23

24

25

26

27

28

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANWER FAREED ALAM's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        10/29/23
LINDSEY BURCHAM                         Date
Attorney for Defendant ANWER FAREED
ALAM

Appendix A

| # | Description | CATS ID |
|---|-------------|---------|
| 1 | Two MoneyGram money orders totaling $40 | 19-USP-002839 |
| 2 | Thirteen various credit, debit, and miscellaneous cards | 19-USP-002840 |
| 3 | Thirty-two miscellaneous gift cards | 19-USP-002841 |
| 4 | Thirty-seven United States Postal Service remittance checks | 19-USP-002842 |
| 5 | One Breitling 1884 Model AB0420 Chronograph watch, S/N 4003584 | 19-USP-002843 |
| 6 | One set gold necklace pair gold earrings in red jewelry box | 19-USP-002843 |
| 7 | One set gold necklace pair of gold earrings and bracelet ring in a red jewelry box | 19-USP-002843 |
| 8 | One set with 2 pairs of gold earrings and one ring with blue stone, one pendant with blue stone, and one gold brooch in open red box | 19-USP-002843 |
| 9 | One set of 4 gold pendants, one gold chain, one silver ring with clear rock in blue box | 19-USP-002843 |
| 10 | One Raymond Weil silver watch in box, S/N 1500-ST2-4238 | 19-USP-002843 |
| 11 | One set Cartier Jaguar gold chain with pendant ring bracelet pair earrings in red box | 19-USP-002843 |
| 12 | One silver Bvlgari Assioma watch with black face, S/N RT45S L3015 | 19-USP-002843 |
| 13 | One silver Patek Philippe watch with white face and black band | 19-USP-002843 |
| 14 | One set Cartier Jaguar gold chain with pendant ring bracelet pair earrings in red box | 19-USP-002843 |
| 15 | One Luccien Piccard auto watch with black face and brown band, S/N 10660A | 19-USP-002843 |
| 16 | One black Chanel handbag with white bag, S/N 10218184 | 19-USP-002843 |

| 17 | One Breitling N 614/2000 watch #3143578 | 19-USP-002843 |
|----|------------------------------------------|---------------|
| 18 | One Montblanc automatic watch gold face with brown band no. 01/25 | 19-USP-002843 |
| 19 | One pair LV earrings in white holder | 19-USP-002843 |
| 20 | One gold chain with gold round pendant with Versace face | 19-USP-002843 |
| 21 | One Omega Seamaster watch black face with orange crown | 19-USP-002843 |
| 22 | One Cartier square watch with stones on face and crown with black band, S/N CC708177 | 19-USP-002843 |
| 23 | One silver Movado square watch with black face, S/N 0604480 | 19-USP-002843 |
| 24 | One set gold bracelet pair of earrings with Versace face | 19-USP-002843 |
| 25 | One Montblanc square watch with black band, S/N P5086095 | 19-USP-002843 |
| 26 | One Vacheron Constantin automatic watch with brown band no. 750 | 19-USP-002843 |
| 27 | One black Chopard square watch with black face and white hands | 19-USP-002843 |
| 28 | One silver Cartier square watch with stones on face crown, S/N 230One 815 CC708177 | 19-USP-002843 |
| 29 | One set pair of silver rings no stone in a black box | 19-USP-002843 |
| 30 | One gold ring with black face | 19-USP-002843 |
| 31 | One set jewelry with 2 brown oval pendants, one gold oval pendant, 2 gold chains, and one silver chain in black box | 19-USP-002843 |
| 32 | One pair of silver rings in gold Versace box | 19-USP-002843 |
| 33 | One set of Van Cleef & Arpels bracelets: one gold, one silver, one rose gold in a red box | 19-USP-002843 |
| 34 | One gold ring with green gemstone | 19-USP-002843 |
| 35 | One set jewelry with silver bracelet ring with stones | 19-USP-002843 |

| 36 | One gold Omega Constellation watch with stones on face/crown, S/N 90859720 | 19-USP-002843 |
| 37 | One Tissot T-Touch watch with white band, S/N 11JA0472433 | 19-USP-002843 |
| 38 | One Bulova Accutron watch with black band no. C860652, S/N 1161941 | 19-USP-002843 |
| 39 | One gold Hublot Big Bang Limited Edition watch with/ black band 301RX no. 1/250 | 19-USP-002843 |
| 40 | Two sets Cartier bracelets two each of gold silver and rose gold with screwdrivers | 19-USP-002843 |
| 41 | One Macy's silver ring with stones with label 1.5 CTTW value 6500 with black box | 19-USP-002843 |
| 42 | One set of silver necklace pair of silver earrings silver bracelet silver ring in red box | 19-USP-002843 |
| 43 | One gold Audemars Piguet Royal Oak Offshore Limited Edition watch no. F01003 | 19-USP-002843 |
| 44 | One silver Rolex Datejust watch with white stones face bracelet, S/N 72200 | 19-USP-002843 |
| 45 | One two-tone Breitling 1884 chrono watch with stones on crown, S/N C13356 | 19-USP-002843 |
| 46 | One gold Audemars Piguet Royal Oak Offshore Limited Ed. Watch no. F01003 blue band | 19-USP-002843 |
| 47 | One silver Montblanc watch with brown band, S/N P5086095 | 19-USP-002843 |
| 48 | One Louis Vuitton duffle bag with brown checkers | 19-USP-002844 |
| 49 | One pair mens Louis Vuitton black dress shoes Euro Size 44 | 19-USP-002844 |
| 50 | One white pattern Chanel handbag with white bag, S/N 24188270 card | 19-USP-002844 |
| 51 | One Red Louis Vuitton handbag with platinum chain with dust bag | 19-USP-002844 |
| 52 | One Tan Louis Vuitton handbag with black handle with dust bag | 19-USP-002844 |

| 53 | One Black Prada handbag with black handle | 19-USP-002844 |
|----|-------------------------------------------|---------------|
| 54 | One Gray Louis Vuitton backpack | 19-USP-002844 |
| 55 | One Gray Louis Vuitton suitcase | 19-USP-002844 |
| 56 | One red iPhone, Pass Code 147369, S/N DNQT9U50HX98 | 19-USP-002845 |
| 57 | One red Apple MacBook Pro, S/N C17PR4DMG8WP | 19-USP-002845 |
| 58 | One purple HP Pavilion G-Series laptop w/ power cord, S/N 584037-001 | 19-USP-002845 |
| 59 | One Apple Mac Pro, S/N C07HT1H2F4MC | 19-USP-002845 |
| 60 | One Apple Mac Pro, S/N C07KQ0DEF4MC G-B | 19-USP-002845 |
| 61 | One Apple iPad, S/N DMPWLM5LJF8J | 19-USP-002845 |
| 62 | One HP tablet black, S/N CNC4520K9V Location L | 19-USP-002845 |
| 63 | One silver Seagate HD w/ cable, SN NA95HBA6 | 19-USP-002845 |
| 64 | One Attaché 2G flash drive | 19-USP-002845 |
| 65 | One red SanDisk Cruzer Blade 16GB USB in Justine Reiss handbag | 19-USP-002845 |
| 66 | One black Samsung 32GB tablet, S/N RF2DB01N0LR | 19-USP-002845 |
| 67 | Two HDD players | 19-USP-002845 |
| 68 | Eleven rounds of .45 ammunition | 19-USP-002846 |
| 69 | One black Beretta PX4, S/N 6807V | 19-USP-002847 |
| 70 | One black M P 9 Shield, S/N HDR0075 | 19-USP-002848 |
| 71 | One black M P 9 Shield, S/N HDR0086 | 19-USP-002849 |
| 72 | One black M P 9 Shield, S/N HDR0222 | 19-USP-002850 |
| 73 | One black M P 9 Shield, S/N HDX5247 | 19-USP-002851 |
| 74 | One black M P 9 Shield, S/N HDX5251 | 19-USP-002852 |
| 75 | One Arsenal Inc. 7.62, S/N AC531233 | 19-USP-002853 |
| 76 | One Arsenal Model 578 7.62, S/N AE531637 | 19-USP-002854 |

| 77 | One Barrett .50 Caliber, S/N AA002058 | 19-USP-002855 |
|----|----|----|
| 78 | One BCI Defense Receiver, S/N BCI07161 | 19-USP-002856 |
| 79 | One black Lewis M T rifle, S/N 12795 with one scope, S/N 1301A0678, and one magazine in hard black case with one bore snake | 19-USP-002857 |
| 80 | One black Master Place Arms pistol, S/N V9067 | 19-USP-002858 |
| 81 | One black revolver Model 1966, S/N 68889 | 19-USP-002859 |
| 82 | One Stag 15 Receiver, S/N S014884 | 19-USP-002860 |
| 83 | One black Ruger SR556 rifle, S/N 591-05214 with 2 Eotech sites and one magazine | 19-USP-002861 |
| 84 | One black Stag 15 Receiver, S/N S017358 | 19-USP-002862 |
| 85 | One black Stag 15 Receiver, S/N Y427513 | 19-USP-002863 |
| 86 | One black XD-9, S/N XD862863 | 19-USP-002864 |
| 87 | One Centurion 39 Sporter 7.62, S/N 39NC03268 | 19-USP-002865 |
| 88 | One DP12, S/N DP15060 | 19-USP-002866 |
| 89 | One FN Belgium Scar 17S Cal. 7.62x51, S/N HC54064 with one trigger guard and one black case | 19-USP-002867 |
| 90 | One FN Herstal Belgium, S/N HC10127 | 19-USP-002868 |
| 91 | One FN Scar 1757-62, S/N HC54666 | 19-USP-002869 |
| 92 | One Howa 1500, S/N B421666 | 19-USP-002870 |
| 93 | One Howa 1500, S/N B424549 | 19-USP-002871 |
| 94 | One Howa 1900, S/N B349068 | 19-USP-002872 |
| 95 | One Interarms Model AKM47 7.62, S/N 00262IAC | 19-USP-002873 |
| 96 | One Interarms Model AKM47 7.62, S/N 00281IAC | 19-USP-002874 |
| 97 | One Interarms Model AKM47 7.62, S/N 00358IAC | 19-USP-002875 |
| 98 | One Interarms Model AKM47, S/N 00351IAC | 19-USP-002876 |
| 99 | One Interarms Model AKM47, S/N 00807IAU | 19-USP-002877 |
| 100 | One Jenny Mich Revolver, S/N CZN7377 | 19-USP-002878 |

| 101 | One silver Smith & Wesson Magnum .357 revolver, S/N CZF2633 | 19-USP-002879 |
| 102 | One JM Pro Series, S/N AF227243 | 19-USP-002879 |
| 103 | One Juggernaut Tactical Receiver, S/N 1505142266 | 19-USP-002880 |
| 104 | One Juggernaut Tactical Receiver, S/N JTE-1510514 | 19-USP-002881 |
| 105 | One Juggernaut Tactical Receiver, S/N JTE-1510878 | 19-USP-002882 |
| 106 | One Model JT-10 Receiver 1012142844 | 19-USP-002883 |
| 107 | One Model JT-10, S/N 1012142855 | 19-USP-002884 |
| 108 | One Model JT-15 Receiver 1515041816 | 19-USP-002885 |
| 109 | One Mossberg 590, S/N V0308573 | 19-USP-002886 |
| 110 | One MP 15-22, S/N DYX3699 | 19-USP-002887 |
| 111 | One Remington 700, S/N RR09399H | 19-USP-002888 |
| 112 | One Remington Model 770, S/N M71579613 with scope and one black plastic case | 19-USP-002889 |
| 113 | One Rock River Arm Receiver, S/N KT3304742 | 19-USP-002890 |
| 114 | One Rock River Arms LAR-15 rifle, S/N CM263384 w/ case | 19-USP-002891 |
| 115 | One Rock River Arms LAR-6 Receiver, S/N TA1002051 | 19-USP-002892 |
| 116 | One Rock River Arms Model LAR-458, S/N AM1002263 | 19-USP-002893 |
| 117 | One Rock River Arms Receiver Cal. 762 LAR-8 UT200170 | 19-USP-002894 |
| 118 | One Rock River Arms Receiver UT200093 | 19-USP-002895 |
| 119 | One Ruger 1022, S/N 23154645 | 19-USP-002896 |
| 120 | One silver Sig Sauer 191One Semi-Automatic, S/N 54B140432 w/ one magazine | 19-USP-002897 |
| 121 | One Smith & Wesson MP rifle, S/N 1S22/DEM1391 | 19-USP-002899 |

| 122 | One Springfield Armory .45 Handgun Operator, SN 461942 with one magazine | 19-USP-002900 |
| 123 | One Springfield Armory .45 Handgun SA-XD, S/N XD747946 | 19-USP-002901 |
| 124 | One Stag 15, S/N 5012861 | 19-USP-002902 |
| 125 | One Stag 15, S/N S005161 | 19-USP-002903 |
| 126 | One hundred and seven miscellaneous gift cards | 19-USP-002904 |

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ANWER FAREED ALAM,<br><br>          Defendant. | ED No. CR<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1341: Mail Fraud; 18<br>U.S.C. § 981 and 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

     The United States Attorney charges:

                [18 U.S.C. §§ 1341, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

     At times relevant to this Information:

     1.   Defendant ANWER FAREED ALAM ("ANWER ALAM") was a resident of Temecula, California, in Riverside County, within the Central District of California.

     2.   The United States Postal Service ("USPS") insured Priority Mail parcels up to $100 against loss, damage, and missing contents for no additional fee, subject to certain conditions.  To qualify for payment, either the sender or the recipient customer of a Priority Mail package could file an insurance claim online at the website

WWW.USPS.COM or by going to a Post Office.  To file a claim, the sender or recipient of the package needed to provide a name, address, a product tracking service number, Proof of Value, and Proof of Claim.  The final step in the claim submission process was the customer certification that all submitted claim information "is accurate, truthful, and complete."  The claim form included the warning that "anyone who furnishes false or misleading information, whether by including it or omitting it, may be subject to criminal and/or civil penalties, including fines and imprisonment."  Once a claimant provided all required information to USPS, USPS would evaluate the claim.  If USPS approved payment on the insurance claim, then USPS would mail a check for the amount of the loss, up to $100 plus the price of the Priority Mail Service, to the claimant.

B.   THE SCHEME TO DEFRAUD

3.   Beginning on an unknown date, but no later than on or about October 1, 2016, and continuing until on or about May 1, 2019, in Riverside County, within the Central District of California, and elsewhere, defendant ANWER ALAM, together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud, and to obtain money and property from USPS by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C.   MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

4.   The fraudulent scheme operated, in substance, as follows:

a.   Defendant ANWER ALAM, and co-schemer Yousofzay Fahim Alam ("Yousofzay Alam"), purchased Priority Mail packages and postages that included $100 in insurance for lost or damaged contents

2

1  of a parcel from USPS.

2      b.   Defendant ANWER ALAM would wrap empty packages or

3  packages containing items of little to no value, and then send those

4  packages via Priority Mail to fictitious recipients at fictitious

5  addresses.

6      c.   After defendant ANWER ALAM sent the Priority Mail

7  parcels, co-schemer Yousofzay Alam would submit fraudulent insurance

8  claims to USPS using USPS.COM, falsely certifying that the packages

9  contained items of higher value than the packages contained and

10  falsely representing that the packages were lost and/or damaged in

11  transit.

12      d.   As part of the fraudulent insurance claim package, co-

13  schemer Yousofzay Alam would include fictitious invoices that he

14  created as well as pictures of goods that were not actually in the

15  Priority Mail parcels.

16      e.   To conceal the quantity of insurance claims they

17  submitted, defendant ANWER ALAM and co-schemer Yousofzay Alam would

18  utilize fake business names and aliases for themselves when

19  submitting insurance claims.

20      f.   Relying upon the false representations in the

21  insurance claim forms, USPS would issue insurance claim checks to

22  defendant ANWER ALAM and co-schemer Yousofzay Alam to cover the

23  purported losses up to $100 in value plus the cost of the shipping.

24      g.   USPS would send the insurance claim checks via U.S.

25  mail to defendant ANWER ALAM and co-schemer Yousofzay Alam at various

26  addresses in Temecula, California, including their residential

27  addresses, their business address, and approximately fifteen

28  different P.O. Boxes at two different post offices.

h.   Defendant ANWER ALAM and co-schemer Yousofzay Alam would deposit, or cause to be deposited, the USPS insurance checks into bank accounts controlled by defendant ANWER ALAM and/or co-schemer Yousofzay Alam.

i.   From October 1, 2016 to May 1, 2019, defendant ANWER ALAM and co-schemer Yousofzay Alam fraudulently obtained at least $2,367,033 from USPS through the submission of bogus insurance claims.

D.   <u>USE OF THE MAILS</u>

5.   On or about November 1, 2018, in Riverside County, within the Central District of California, and elsewhere, defendant ANWER ALAM, together with others known and unknown to the United States Attorney, for the purpose of executing the above-described scheme to defraud, willfully caused an item to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service according to the directions thereon, specifically, a $106.59 Priority Mail claim check, which was mailed to 42309 Winchester Road, Suite 1, Temecula, California 92590.

1                        FORFEITURE ALLEGATION

2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of the defendant's conviction of

8   the offense set forth in this Information.

9      2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11          (a)   All right, title, and interest in any and all

12  property, real or personal, constituting, or derived from, any

13  proceeds traceable to the offense; and

14          (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17     3.    Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  defendant, if so convicted, shall forfeit substitute property, up to

20  the value of the property described in the preceding paragraph if, as

21  the result of any act or omission of the defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  //

27

28

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3

4                              E. MARTIN ESTRADA
                               United States Attorney

5

6                              MACK E. JENKINS
                               Assistant United States Attorney

7                              Chief, Criminal Division

8                              SEAN D. PETERSON
                               Assistant United States Attorney

9                              Chief, Riverside Branch Office

10                             COURTNEY N. WILLIAMS
                               Assistant United States Attorney

11                             Riverside Branch Office

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                               6

## <u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States and a resident of Riverside County, California.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, 3403 Tenth Street, Suite 200, Riverside, California 92501.

On this date, <u>January 12, 2024</u> I served a copy of the following entitled document(s) <u>PLEA AGREEMENT</u>

as follows:

☐    by placing the document in a sealed envelope, addressed to the person specified below, and placing it for interoffice delivery within the courthouse:

■    by e-mailing a pdf. version of the document to the e-mail address specified below:

☐    by placing the document in a sealed envelope, addressed to the person specified below, and placing it for U.S. mail delivery:

**Lindsey Burcham**
**Attorney for Defendant**
burchamlegal@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed on, January 12, 2024 at Riverside, California.

/s/ _____
Brenda Tovar