Lindsey M Burcham
Cal Bar No. 239736
P.O Box 456
Calimesa, CA 92320
(858) 337-5300 phone
Email: burchamlegal@gmail.com

Attorneys for: Anwer Fareed Alam

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (HON. WESLEY L. HSU)

| UNITED STATES OF AMERICA, | ) | Case No.    **5:24CR00016-1** |
|---|---|---|
| Plaintiff, | ) ) ) | **DEFENDANT'S SENTENCING MEMORANDUM** [FRCP 32; CrimLR 32.1] |
| v. | ) ) | Hearing Date: November 1, 2024 |
| **ANWER FAREED ALAM**, | ) ) | Hearing Time: **9:00 AM** |
| Defendant. | ) ) ) ) | Courtroom:    9B |

**To:**    United States Attorney, **COURTNEY NICOLE WILLIAMS, Assistant United States Attorney, and United States Probation Officer, Amber Dodson :**

**ANWER FAREED ALAM**, by and through counsel, Lindsey M Burcham, Esq., submits the following Sentencing Memorandum pursuant to Federal Rule of Criminal Procedure 32, Local Criminal Rule 32.1, revised General Order 350 and the Presentence Report received by counsel on September 27, 2024.

Date: October 14, 2024.              _____s/ Lindsey M Burcham____ _____
                        Lindsey M Burcham, Esq.
                        Attorneys for Alam Fareed Alam

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................................2

TABLE OF AUTHORITIES .........................................................................................................3

1. INTRODUCTION AND BACKGROUND ...........................................................................4

2. PLEA AGREEMENT............................................................................................................4

3. PARTIES' SENTENCING RECOMMENDATIONS ...........................................................4

4. ISSUES FOR THE COURT AT SENTENCING..................................................................5

THE GUIDELINES SHOULD BE GIVEN NO MORE WEIGHT THAN THE OTHER
    STATUTORY FACTORS OF § 3553(A). ...............................................................................5

    B. Analysis of the required factors in § 3553(a) show a compelling reason that the
    Guideline sentence of 27 months is greater than necessary to serve the Government's
    interest in this case. ............................................................................................................7

5. NOW, POST *BOOKER,* THE GUIDELINES ARE ONLY ONE FACTOR TO BE
    CONSIDERED AT THE TIME OF SENTENCING. ...........................................................7

6. THE GUIDELINES ARE ONLY ONE FACTOR TO BE CONSIDERED AT THE
    TIME OF SENTENCING....................................................................................................10

    1. Mr. Alam should receive a 2-level adjustment for zero point offenders .....................10

    2. Mr. Alam should receive an adjustment for his "minimal role" in the offense. ..........10

    3. Mr. Alam should be given a §3553(a) reduction for Expeditious Resolution and an
    Appellate Waiver ........................................................................................................11

7. A FULL ANALYSIS OF THE FACTORS IN § 3553(A) PROVIDES A BETTER
    FRAMEWORK FOR "SUFFICIENTLY" SENTENCING MR. ALAM .............................11

8. CONCLUSION....................................................................................................................12

SENTENCING SUMMARY CHART ........................................................................................13

CERTIFICATE OF SERVICE ...................................................................................................14

## TABLE OF AUTHORITIES

### Cases

Amendment 821, USSG § 4A1.1................................................................................................7

*United States v. Carty*, __F.3d__  (9th Cir. 2006), 2006 WL 2494311 (C.A. 9), 06 Cal. Daily
Op. Serv. 8246, 2006. ............................................................................................................ 12

*United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989)................................................................. 12

*United States v. Diaz-Argueta*, 447 F.3d 1167 (9th Circuit 2006). ........................................... 12

*United States v. Fernandez*, 443 F.3d 19 (2nd Cir. 2006)........................................................... 12

*United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2006) ................................................... 13

USSG § 3E1.1(a) ............................................................................................................................ 4

### Statutes

18 U.S.C. § 1962(d) ....................................................................................................................... 4

18 U.S.C. § 3553(a)...............................................................................................................passim

### Other Authorities

**U.S.S.G. §** 2L1.1(A)(3) ............................................................................................................. 14

U.S.S.G. 5K2.0(2).......................................................................................................................... 13

USSG § 5K2.0(c)............................................................................................................................. 5

## 1.    Introduction and Background

Mr. Anwar Alam began working with the Government in this matter in 2019.  From 2016 through 2019 a scheme was used by Mr. Alam and his brother to defraud the United States Postal Service.  The scheme was simple enough.  His brother would process an insurance claim for lost or damaged property.  Each claim used "stock" photos found on google.  The photos used were only a handful of different photos.  The trick to the scheme was to keep the insured package reimbursement amount under a certain amount so it would automatically be processed and not reviewed. After the Post Office insurance monies were sent to the company ran by both brothers, Mr. Anwar Alam would obtain the checks from multiple P.O. Boxes with slightly different names, he would open and deposit the checks into their accounts.  After three years of this conduct, it is anticipated the total scheme and liable restitution will be $2,367,033.00.

## 2.    Plea Agreement

The plea agreement calls for an adjusted guideline recommendation of an offense level 23.  Parties have agreed to a 3-level reduction for Acceptance of Responsibility (USSG § 3E1.1(a) and (b)); There was no agreement as to criminal history.  The parties agreed that previously seized property totaling $112,092 shall be applied to restitution.  Parties also agree that the Alam brothers will be jointly and severally liable for restitution which is anticipated to be set at $2,367,033.00

## 3.    Parties' Sentencing Recommendations

The US is anticipated to recommend 27 months.  The Presentence report recommended 27 months. [1]

Mr. Alam is recommending a split sentence 9-months custodial time and 9-months of supervision and house arrest based on the totality of the § 3553(a)

---

[1] See Probation's Sentencing Recommendation Letter page 2.

1   sentencing factors as detailed out below.

2

3   **4.      Issues for the Court at Sentencing**

4       The proposed sentence is justified considering the Court's requirement to

5   sentence following 3553(a) factors if the analysis focus remains as follows:

6

    **The Guidelines should be given no more weight than the other**
7   **statutory factors of § 3553(a).**

8       The Guidelines, while a valuable tool to evaluate a person's criminal history

9   and seriousness of offense are in many cases merely a starting point.  Mr. Alam has

10  shown a willingness and ability to rehabilitate himself and become a productive

11  member of society.

12      An analysis of all factors in § 3553(a) provide a appropriate framework for

13  Mr. Alam at sentencing.

14

                        *a)  Reflect the Seriousness of the Offense*
15

16      The defense recommendation of a split sentence is substantial.  Mr. Alam is

17  receiving no mere slap on the wrist, but rather carries significant consequences

18  given the life, criminal history and cultural implications presented by Mr. Alam.

19  Mr. Alam has never gotten in any trouble with the law before this matter.  The

20  consequences of his actions have brought international shame on himself and his

21  family, with far reaching negative business implications on himself and his brother

22  but also other family members worldwide.  The repair of which he is highly

23  motivated to accomplish if given the opportunity to make amends.  When Mr.

24  Alam fled from Afghanistan when the Taliban regime first came to power his

25  family sheltered and financially supported him while he created a life for himself

26  in the United States.  His family is devastated by the shame of this conviction.  Mr.

27  Alam took on the care of his ailing parents when he was financially able to support

28

himself.  He now knows he faces severe financial penalties, and his prospects will be limited for the rest of his life.  He will face limitations on international travel which he has never known and accepts that he will lose the ability to participate in the political process.

### b)  Providing Adequate Deterrence

Mr. Alam, like so many before this court thought they found the glitch in the system.  Mr. Alam has shown in the last 5-years that he is capable of being crime free and intends to live crime free going forward.  Not only does a split sentence serve as a deterrent specific to Mr. Alam, but also demonstrates that exploitation of such a "flaw in the system" bare real-life consequences to other would-be criminals.

### c)  Protect the Public from crimes of the defendant

The public is best protected in this case by being made whole financially. The criminal acts in this case are financial only and impacted a Government Agency and not an individual.  The conviction, felony restrictions to voting and restrictions as to the defendant's interactions with the Post Office sufficiently protect the public from any potential fall-out of Mr. Alam conduct.  The defendant has shown that he is able, willing and has been pro-active in refocusing himself into a productive, law-abiding lifestyle and end any attempts to game the system.

### d)  Providing the adequate educational, vocational, medical or other treatment

Mr. Alam can benefit, and society can benefit by having Mr. Alam seek education and vocational skills.  Ethics training as well as fiscal responsibility courses would benefit him and his future business dealings substantially.  Mr.

1  Alam needs to learn to run a business separate from his brother, relying on other

2  influences and help to grow his businesses.

3  **B. Analysis of the required factors in § 3553(a) show a compelling**
   **reason that the Guideline sentence of 27 months is greater than**
4  **necessary to serve the Government's interest in this case.**

5  The anticipated 27-months request by the US far outweighs the necessity of

6  any of the § 3553(a) factors. Mr. Alam should receive a split sentence and be able

7  to continue to prove his ability to better himself and benefit society.

8

9  **5.    Now, post *Booker,* the Guidelines are only one factor to be**
10 **considered at the time of sentencing.**

11 *United States v. Booker*, "requires the sentencing court to *consider* Guideline

12 ranges, see 18 U.S.C. § 3553(a)(4), but permits the court to *tailor the sentence in*

13 *light of other statutory concerns as well*[2], see § 3553(a)."[3]

14

_____

15 [2] *U.S. v. Booker*, 543 U.S. 220, 246 (2005). *(emphasis added)*.

   [3] 18 U.S.C. § 3553(a) provides:

16    **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient,
      but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this
17    subsection.  The court, in determining the particular sentence to be imposed, shall consider--
      **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
18    **(2)** the need for the sentence imposed--
         **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just
      punishment for the offense;
19       **(B)** to afford adequate deterrence to criminal conduct;
         **(C)** to protect the public from further crimes of the defendant;  and
20       **(D)** to provide the defendant with needed educational or vocational training, medical care, or
      other correctional treatment in the most effective manner;
      **(3)** the kinds of sentences available;
21    **(4)** the kinds of sentence and the sentencing range established for--
         **(A)** the applicable category of offense committed by the applicable category of defendant as set
      forth in the guidelines--
22       **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States
      Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether
23    such amendments have yet to be incorporated by the Sentencing Commission into amendments
      issued under section 994(p) of title 28);  and
         **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is
24    sentenced;  or
         **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or
      policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28,
25    United States Code, taking into account any amendments made to such guidelines or policy
      statements by act of Congress (regardless of whether such amendments have yet to be incorporated
26    by the Sentencing Commission into amendments issued under section 994(p) of title 28);
       **(5)** any pertinent policy statement--
         **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States
27    Code, subject to any amendments made to such policy statement by act of Congress (regardless of
      whether such amendments have yet to be incorporated by the Sentencing Commission into
28    amendments issued under section 994(p) of title 28);  and

1    *Booker* and 3553(a) require the Court to *tailor* a sentence that is *not greater*

2    *than necessary, considering the offense and the characteristics of the defendant,[4]*

3    that reflects the offense's seriousness, promotes respect for the law, and provides

4    just punishment.[5]  It also requires the Court to consider the *kinds of sentences*

5    *available[6]* to provide the defendant with needed *educational or vocational training*

6    and other *correctional treatment* in the *most effective manner*.[7]

7         The primary mandate of 3553(a) requires the Court to impose a sentence

8    "*sufficient, but not greater than necessary*," to comply with the four purposes of

9    sentencing in 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation.

10   This primary mandate sets an independent limit on the sentence the Court may

11   impose.[8]

12         The 9th Circuit Court of Appeals has taken an apprehensive approach to the

13   weight that the Guidelines should now carry in federal sentencing.

14         Section 3553(a) is mandatory.  Its terms are not met by reciting a
             number taken from a table of the Sentencing Guidelines that are
15           now merely advisory.  There is no presumption that such a number
             has taken into account all of the relevant circumstances that the
16           statute states that the court "shall consider."[9]

17         The end of the mandatory Guideline scheme allows a judge to look at a

18   particular person and sentence that person for their violation of the laws of the

19   United States.  While the mere advisory nature of the Guidelines allows for more

---

**(B)** that, except as provided in <u>section 3742(g)</u>, is in effect on the date the defendant is sentenced.
**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who
have been found guilty of similar conduct;  and
**(7)** the need to provide restitution to any victims of the offense.

[4] 18 U.S.C. § 3553(a)(1).

[5] 18 U.S.C. § 3553(a)(2)(A).

[6] 18 U.S.C. § 3553(a)(3).

[7] 18 U.S.C. § 3553(a)(2)(D).

[8] See *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part,
dissenting in part) (since § 3553(a) requires sentence to be no greater than necessary to meet 4 purposes of
sentencing, imposition of sentence greater than necessary to meet the purposes is reversible, even if within guideline
range).

[9] *United States v. Diaz-Argueta,* 447 F.3d 1167, 1171 (9th Circuit 2006).

judicial flexibility in the sentencing process, it also places a higher burden on the sentencing judge. "Consideration of the § 3553(a) factors is not a cut-and-dried process of fact-finding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts."[10]

The Ninth Circuit Court of Appeals has not taken a hard stand on the weight the Guidelines should hold at the time of sentencing. However,[11]District Courts must look to the markers made in other cases. In *Plouffe*, the Ninth Circuit Court of Appeals stated:

> *Booker* does not establish that a sentence within the Guideline range is per se reasonable, and therefore lawful. Rather, the reasonableness of a sentence is informed by all of the § 3553(a) factors, including the Guideline range. A sentence that is within the Guidelines range therefore may be unreasonable and thus imposed in violation of law pursuant to § 3742(a)(1).[12]

It is clear judges have been given back their traditional discretion at sentencing to look at an individual defendant. No longer must a sentencing judge only look at an individual's position within the guideline table when imposing a sentence. The sentencing judge has also been handed back the power to consider the individual human being before them and the unique facts of the case. These options allow for a more just and fair criminal justice system.

A 27-month sentence fails to consider the facts surrounding the offense or the characteristics of Mr. Alam and only considers the applicable Guideline range. Adoption of the Government's sentence fails to consider any factor other than the charge's plotted location on the Guidelines. This method, after *Booker*, is

---

[10] *United States v. Fernandez*, 443 F.3d 19, 29 (2nd Cir. 2006).

[11] See *United States v. Carty,* __F.3d__, 2006 WL 2474346 (C.A.9 (Ariz.)); See also, *United States v. Carty,* __F.3d__ (9th Cir. 2006), 2006 WL 2494311 (C.A. 9), 06 Cal. Daily Op. Serv. 8246, 2006. This order asks the parties for supplemental briefing on the following issues: 1) Appellate jurisdiction of sentencing cases falling within and outside the applicable Guideline range 2) How the 9th Circuit should review cases for reasonableness 3) What procedure a district court is required to follow in sentencing a defendant above or below the Guideline range 4) What weight should the advisory Guidelines have in relation to the other 3553(a) factors. The briefs on this matter were to be filed by September 15, 2006.

[12] *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2006).

1 | inappropriate and in violation of Supreme Court law.

**6.      The Guidelines are only one factor to be considered at the time of sentencing**

Mr. Alam qualifies for and exemplifies the exceptional circumstances required for imposition of several adjustments, deviations and reductions under the guidelines.

### 1. Mr. Alam should receive a 2-level adjustment for zero point offenders

Mr. Alam qualifies for the 2-level adjustment for having zero criminal history points.[13] Until this incident Mr. Alam has had no trouble with the law and lived a law-abiding life.

### 2. Mr. Alam should receive an adjustment for his "minimal role" in the offense.

Mr. Alam is not culpable to the same degree and should not receive the same punishment as his brother in this case. Mr. Alam's brother was the master mind behind the scheme. His brother created every single fraudulent claim, submitted every claim and did all the electronic submissions of photos. Mr. Alam on the other hand had two jobs for this business. At his brother's direction Mr. Alam would open P. O. Boxes. Mr. Alam checked the P.O. Boxes and deposited any checks that came into the P.O. Boxes. The checks included both legitimate checks and the checks from the Postal Service. The brothers have been clear that each fraudulent claim was created, processed and submitted by Yousofzay. Mr. Alam's minor role in the offense should afford him a 2-level reduction. This reduction takes into consideration the disparity between the two brothers and their actions.

---

[13] Amendment 821, USSG § 4A1.1

### 3. <u>Mr. Alam should be given a §3553(a) reduction for Expeditious Resolution and an Appellate Waiver</u>

Mr. Alam and his brother have bother been willing and able to resolve this matter since 2019.  Unfortunately, Covid-19 shuttered the courts and created havoc on the resolution of this case.  Mr. Alam waived the statute of limitations to allow for resolution.  Mr. Alam waived his right to have the case indicted and had a plea in place at the time of the arraignment on this case.  Furthermore, Mr. Alam has agreed to waive his appellate rights as part of his plea.  All the efforts on behalf of Mr. Alam have and will continue to save the Court and the Government substantial resources.  Accordingly, and given these extraordinary circumstances, the Court should treat this case as an expeditious resolution.  While this reduction may not be as common in this jurisdiction as in others such as the Southern District of California, it is quite often utilized in cases where the defendant, like Mr. Alam, has gone over and above to cooperate with the AUSA and created an early resolution.

## 7.   A full analysis of the factors in § 3553(a) provides a better framework for "sufficiently" sentencing Mr. Alam

The Guidelines were created to encompass as many factors as possible in determining an appropriate sentence.  However, even those creating the Guidelines realized that they would not be able to foresee all applicable circumstances.[14]  Mr. Alam is the individual who cannot be appropriately sentenced under the Guideline system.

A simple number of months in custody is not the sentence that will treat Mr. Alam or prevent any potential future crimes.  The defense's proposed sentence combined with, education and vocational training will provide the rehabilitation and deterrence of recidivism that society deserves and will benefit from.

---

[14] U.S.S.G. 5K2.0(2).

## 8.     Conclusion

Defense respectfully requests that Mr. Alam be sentenced to a split sentence of 9 months custody and 9 months in home confinement after thoughtful consideration of all of the § 3553(a) factors as set forth above

Respectfully Submitted,


Date: 10/14/24                              _____s/Lindsey M Burcham_____
                                           Lindsey M Burcham
                                           Attorneys for Mr. Alam

# SENTENCING SUMMARY CHART

USPO_____
AUSA _____
DEF **X**

Defendant's Name: Anwer Alam

Docket No.

5:24CR00016-1

Guideline Manual Used: **November 1, 2018**

Agree with USPO
Calculation: **No**

| | |
|---|---|
| Base Offense Level:        **U.S.S.G. §** 2B1.1 | **7** |
| Specific Offense Characteristics | **+16** |
| Victim Related Adjustment: | |
| Adjustment for Role in the Offense: | **-2** |
| Adjustment for Obstruction of Justice: | |
| Adjustment for Reckless Endangerment During Flight: | |
| Adjusted Offense Level: Zero Crim History | **-2** |
| Adjustment for Acceptance of Responsibility: | **-3** |
| **Total Offense Level:** | **16** |
| Criminal History Score: | **0** |
| **Criminal History Category:** | **1** |
| | **I** |
| Guideline Range: (Limited By:     ___minimum mandatory ___statutory maximum | |
| Departures: | **21-27** |
| **Early Disposition** | **-2** |
| **Final Resulting Guideline Range:** | **15-21** |
| **Defendant's Sentencing Recommendation:** | **18-months split sentence** |

# CERTIFICATE OF SERVICE

*US v. Alam*

I, the undersigned, hereby certify that a copy of **DEFENDANT'S SENTENCING MEMORANDUM** was:

☒ **Deposited with Court Clerk**: I, the undersigned, hereby certify that a copy of **the above-referenced document(s)** was deposited with the Clerk of the United States District Court for the Central District of California via ECF for delivery to Assistant United States Attorney, .

☐ **Personal Service of Courtesy Copy to AUSA**: I, the undersigned, hereby certify that I personally delivered a true copy of the above-referenced document(s) to the receptionist of the Office of the United States Attorney for the Southern District of California for immediate delivery to Assistant United States Attorney, .

☐ **Personal Service of Courtesy Copy to Chambers**: I, the undersigned, hereby certify that I personally delivered a true copy of the above-referenced document(s) to the Chambers of the Honorable .

☐ **Facsimile Service of Courtesy Copy to AUSA**: I, the undersigned, caused a facsimile transmission a true copy of the above-referenced document(s) from 619-234-3655 to  at the Office of the United States Attorney for the Southern District of California, facsimile machine telephone number .

☐ **Facsimile Service of Copy to USPO**: I, the undersigned, caused a facsimile transmission a true copy of the above-referenced document(s) from 619-234-3655 to  the Office of United States Probation for the Southern District of California, facsimile machine telephone number **(619) 557-6138**.

☐ **Facsimile Service of Courtesy Copy to Chambers**: I, the undersigned, caused a facsimile transmission a true copy of the above-referenced document(s) from 619-234-3655 to the Chambers of the Honorable **,** facsimile machine telephone number .

☐ **Service by Mail [CivLR5.3]**: I, the undersigned, hereby certify that a true copy of the above-referenced document(s) was served upon all counsel of record by postage prepaid, first-class, United States Postal Service mail to there last known address at: SEE ATTACHED SERVICE LIST.

Executed on _10/14/24_, at Beaumont, California.

s/ Lindsey Burcham